IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLEMITAY ANTWAN HELMS, #259202, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-804-WKW |
| ) | |
| WARDEN STRICKLAND, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Clemitay Antwan Helms ("Helms"). In the instant complaint, Helms challenges the constitutionality of actions taken against him in November of 2015 at the Bullock Correctional Facility. *Doc. No. 1* at 7.

The court recently issued an order, a copy of which the Clerk mailed to Helms. The postal service returned this order because Helms no longer resided at the address he had provided to the court for service. In light of the foregoing, the court entered an order requiring that on or before November 15, 2016 Helms "show cause why this case should not be dismissed for his failure to adequately prosecute this action." *Doc. No. 4*. This order specifically advised Helms that his case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with the order would result in the undersigned recommending dismissal of this case. *Id*. The postal service also returned this order to the court. In addition, as of the present date, Helms has not provided the court with his current address.

1

It is clear to the court that this case cannot properly proceed in Helms' absence. It likewise appears that Helms is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to properly prosecute this action.

The plaintiff may file objections to the Recommendation on or before December 6, 2016. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. The plaintiff is advised that frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 22nd day of November, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge